UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED, INC. and
PATRICIA KENNEDY,

    Plaintiffs,
v.
         Case No. 8:12-cv-821-T-33AEP

ISLAND INN SHORES, INC.,

    Defendant.
_____/

**ORDER**

  This matter is before the Court on Defendant's Dispositive Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. # 11), which was filed on May 30, 2012. Despite being given a chance to do so, Plaintiffs failed to respond, and the Court, accordingly, considers the Motion as an unopposed Motion.

  However, this Court is not permitted to grant Summary Judgment solely because a motion for summary judgment is unopposed. <u>Minhngoc P. Tran v. Boeing Co.</u>, 190 Fed. App'x 929, 932 (11th Cir. 2006)("district court cannot grant summary judgment just because the motion was unopposed, but must at least review all the evidentiary materials submitted in support of the motion for summary judgment to ensure the motion is supported").

Here, the Court grants the Motion based upon its review of the entire record, viewing the evidence in the light most favorable to Plaintiffs as the non-movants, and based upon its finding that Defendant is entitled to judgment as a matter of law in this case.

I. **Background**

Plaintiffs, who are represented by counsel, initiated this action pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. on April 16, 2012. (Doc. # 1). In the Complaint, Access for the Disabled, a not for profit corporation, and Kennedy, an individual with an ADA disability, allege that Kennedy was denied access to Defendant's property, Island Inn Beach Resort, which is located in Treasure Island, Florida. (Doc. # 1 at ¶ 2, 5-6). Plaintiffs seek an order requiring Defendant to modify the property and an award of attorneys' fees.

In response to the Complaint, Defendant filed the instant Motion pursuant to Rules 12(b)(1) and 56, Fed.R.Civ.P., seeking dismissal with prejudice because Defendant is not the owner of the property that is the subject of the Complaint. Defendant also seeks an award of attorneys' fees.

II. **Legal Standard**

   A. **Rule 12(b)(1) Motion to Dismiss**

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). On a facial challenge, the plaintiff enjoys safeguards similar to those provided in the context of a Rule 12(b)(6) motion to dismiss. Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994)("[T]he non-moving party receives the same protection as it would defending against a motion brought under Rule 12(b)(6).")(internal citations omitted). Thus, the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Id. In addition, the Court limits its analysis to the Compliant and the exhibits thereto. Id.

When the jurisdictional attack is factual, as in this case, the Court may look outside the four corners of the

complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

**B. Rule 56 Summary Judgment**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id.

### III. **Analysis**

Here, Defendant has provided the Affidavit of Charlie Doherty, the Treasurer of Defendant Island Inn Shores, Inc. (Doc. # 11 at 22-24). Doherty explains that "Island Inn Shores, Inc. does not own, lease (or lease to), or operate Island Inn Beach Resort [the subject property]." Id. at ¶ 3. Doherty further explains that Island Inn Beach Resort is a condominium consisting of 100 individually owned condominium units and limited common elements. Id. at ¶ 4. In addition, the parking and loading zone, accommodations, and swimming pool restrooms described in the Complaint are owned by a separate entity, Island Inn Condominium Association, Inc. Id.

at ¶ 6. Moreover, the individual unit restrooms described in Plaintiffs' Complaint "are located within individually owned condominium units and are not owned, leased (or leased to) or operated by Island Inn Shores, Inc." Id. at ¶ 7. Doherty also states that Defendant does not have any legal right to make alterations to the parking and loading zone, restrooms, accommodations, pool and common areas described in the Complaint. Id. at ¶ 9. Doherty's affidavit has not been challenged by Plaintiffs.

Although Defendant's Motion and supporting materials contain a plethora of reasons why this action should be dismissed and why Defendant is entitled to a judgment in its favor, the Court finds that Doherty's uncontested affidavit is proof enough, especially in light of Plaintiffs' failure to respond to the Motion. Accordingly, the Court grants the Motion and dismisses the Complaint for the reasons stated in Doherty's affidavit and for the reasons stated in the Motion. Defendant is entitled to summary judgment.[1]

Accordingly, it is

---

[1] The Court denies without prejudice Defendant's request for attorneys' fees because Defendant has not provided any legal support for such request. If Defendant seeks attorneys' fees, Defendant is directed to file a separate motion within 10 days of the date of this Order containing citations to legal authorities which would support an award of attorneys' fees in this case.

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Dispositive Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. # 11) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant and thereafter, to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of June 2012.

<u>VIRGINIA M. HERNANDEZ COVINGTON</u>
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record