```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

ACCESS FOR THE DISABLED, INC. and
PATRICIA KENNEDY,

                Plaintiffs,
v.

                              Case No. 8:12-cv-821-T-33AEP

ISLAND INN SHORES, INC.,

                Defendant.
_____/

**ORDER**

This matter is before the Court on Defendant's Application for Costs and Attorney's Fees (Doc. # 14), filed June 29, 2012. Plaintiffs filed a Response in Opposition to the Motion (Doc. # 15) on July 13, 2012. Defendant filed a reply (Doc. # 16), without leave of Court, on July 23, 2012. For the reasons stated at the hearing held on August 2, 2012, and for the reasons that follow, the Court grants Defendant's Motion for Attorney's fees and costs.

**I.**    **Background**

Plaintiffs, who are represented by counsel, initiated this action pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. on April 16, 2012. (Doc. # 1). In the Complaint, Access for the Disabled, a not for profit corporation, and Kennedy, an individual with

an ADA disability, alleged that Kennedy was denied access to Defendant's property, Island Inn Beach Resort, which is located in Treasure Island, Florida. (Doc. # 1 at ¶ 2, 5-6). Plaintiffs sought an order requiring Defendant to modify the property, injunctive relief, and an award of attorney's fees.

On May 30, 2012, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. # 11). The Court waited for Plaintiffs to file a response in opposition to the Motion, but Plaintiffs never filed a response. During the hearing on August 2, 2012, counsel for Plaintiffs indicated that he meant to voluntarily dismiss this action, but neglected to prepare the stipulation of dismissal or otherwise file any document on the record reflecting his intent to dismiss the action. Counsel for Defendant agreed that she spoke with counsel for Plaintiffs about Plaintiffs possibly dismissing the action with prejudice with each side to bear their own attorney's fees and costs, but counsel for Plaintiffs failed to file any documents with the Court and failed to return counsel for Defendant's telephone communications. Rather than rely on Plaintiffs' counsel's tentative oral representation that a voluntary dismissal may be forthcoming, counsel for Defendant zealously represented

her client by actively litigating this case to its final disposition in favor of Defendant.

On July 19, 2012, the Court granted Defendant's dispositive motion based on the following findings:

> Here, Defendant has provided the Affidavit of Charlie Doherty, the Treasurer of Defendant Island Inn Shores, Inc. (Doc. # 11 at 22-24). Doherty explains that "Island Inn Shores, Inc. does not own, lease (or lease to), or operate Island Inn Beach Resort [the subject property]." Id. at ¶ 3. Doherty further explains that Island Inn Beach Resort is a condominium consisting of 100 individually owned condominium units and limited common elements. Id. at 4.
>
> In addition, the parking and loading zone, accommodations, and swimming pool restrooms described in the Complaint are owned by a separate entity, Island Inn Condominium Association, Inc. Id. at ¶ 6. Moreover, the individual unit restrooms described in Plaintiffs' Complaint "are located within individually owned condominium units and are not owned, leased (or leased to) or operated by Island Inn Shores, Inc." Id. at ¶ 7. Doherty also states that Defendant does not have any legal right to make alterations to the parking and loading zone, restrooms, accommodations, pool and common areas described in the Complaint. Id. at ¶ 9. Doherty's affidavit has not been challenged by Plaintiffs.
>
> Although Defendant's Motion and supporting materials contain a plethora of reasons why this action should be dismissed and why Defendant is entitled to a judgment in its favor, the Court finds that Doherty's uncontested affidavit is proof enough, especially in light of Plaintiffs' failure to respond to the Motion. Accordingly, the Court grants the Motion and dismisses the Complaint for the reasons stated in Doherty's affidavit and for the reasons stated in the Motion. Defendant is entitled to summary judgment.

(Doc. # 12 at 5-6).

In the Order granting summary judgment in favor of Defendant, the Court denied without prejudice Defendant's request for attorney's fees and costs because Defendant did not include any legal support for the requested fees and costs and did not provide other necessary information that the court would need to address a fee request.

Defendant filed a timely Motion for Attorney's Fees and Costs (Doc. # 14) on June 29, 2012, requesting $6,525.00 in fees and $32.00 in costs. Defendant's counsel, Ashley Drew Graham, seeks an hourly rate of $250.00 for 26.1 hours. Counsel has been practicing in Florida since 2007.[1]

## II. **Analysis**

Plaintiffs do not dispute the amount of fees and costs sought and do not question the hourly rate of $250.00 for Attorney Drew. Rather, Plaintiffs assert that Defendant is not entitled to attorney's fees.

While the ADA contains a generic fee shifting provision for prevailing parties, 42 U.S.C. § 12205 ("[T]he court . . ., in its discretion, may allow the prevailing party . . . a

---

[1] Defendant also filed a reply (without first seeking leave to reply) and asks for an additional $2,0500.00 for the preparation of the reply. The Court strikes the unauthorized reply pursuant to Local Rule 3.01(c). Defendant is not entitled to fees for preparing the reply.

reasonable attorney's fee, including litigation expenses and costs"), both parties cite to Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1977). There, the Supreme Court ruled that in civil rights cases, attorney's fees to a prevailing defendant should only be awarded "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though it is not brought in subjective bad faith." In Bruce v. City of Gainesville, 177 F.3d 949, 951-52 (11th Cir. 1999), the court held that the Christiansburg standard applied to ADA cases.

Furthermore, the Eleventh Circuit has held that in determining whether an action was frivolous, "the district court must focus on the question of whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Sullivan v. School Bd., 773 F.2d 1182, 1189 (11th Cir. 1985). That court further explained that "cases where findings of frivolity have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Rule 41(b) motion for involuntary dismissal. In these cases, the plaintiffs did not introduce any evidence to support their claims."

The Sullivan case also discussed factors to consider in determining whether to award fees to a defendant in a civil

rights case: (1) whether the plaintiff established a prima facie case, (2) whether defendant offered to settle, and (3) whether the case was dismissed prior to trial, or if the court held a full blown trial on the merits.  The Eleventh Circuit in Hodges v. Publix Super Markets, Inc., 372 Fed. App'x 74, 78 (11th Cir. 2010), also warned that "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." (citing Christiansburg, 434 U.S. at 421-22).

During the hearing, the Court questioned the parties regarding the Christiansburg standard and the Sullivan factors.  This Court ultimately determines that Plaintiffs' action was frivolous, unreasonable, and without foundation, warranting an award of attorney's fees and costs to Defendant.  The Court bases its finding on Plaintiffs' complete inability to establish their prima facie case, among other things, because they sued the wrong Defendant, Defendant did not and could not have caused the injury alleged in the Complaint, and Defendant could not bring about the changes to the property as requested in the Complaint.  The Court also considered that it disposed of Plaintiffs' case at the summary judgment stage.  In addition, Plaintiffs acknowledged that their action could

not withstand Defendant's dispositive motion and communicated the same to Defendant's counsel, but, rather than dismissing such action, did nothing. Due to Plaintiffs' failure to file a notice or stipulation of dismissal after agreeing that Plaintiffs' case was baseless, the Court was required to analyze the case and prepare a written order granting summary judgment in favor of Defendant. These facts, coupled with a complete lack of support for Plaintiffs' Complaint, justify an award of attorney's fees.

The Court finds support in its decision to award fees in Turner v. Sungard Business Systems, 91 F.3d 1418, 1422 (11th Cir. 1996). There, the district court granted $10,000.00 to a prevailing defendant when the plaintiff did not respond to the defendant's motion for summary judgment. Though Turner was a Title VII discrimination case, its analysis applies here, where Plaintiffs failed to respond to Defendant's dispositive motion.

This Court has not indulged the "temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22. Rather, evaluating the case as a whole, the Court determines that it was frivolous, unreasonable, and without foundation ab initio.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Application for Costs and Attorney's Fees (Doc. # 14) is **GRANTED**. Defendant is awarded $6,525.00 in attorney's fees and $32.00 in costs.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u> day of August 2012.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record